PROVIDENT LIFE & TRUST COMPANY, APPELLANT, V. DANIEL KENISTON ET AL., APPELLEES.

FILED DECEMBER 9, 1897. No. 9273.

Receivers: APPOINTMENT. An application for the appointment of a receiver is addressed to the sound discretion of the court, and where, under all the circumstances of a given case, it appears that a greater injury would ensue from the appointment than from permitting the possession of the property to remain undisturbed, a receiver will not be appointed.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. *Affirmed.*

*Lake, Hamilton & Maxwell,* for appellant.

*Gregory, Day & Day, contra.*

IRVINE, C.

The plaintiff, the Provident Life & Trust Company, obtained a decree foreclosing a mortgage made by the defendant Keniston. At the sale the plaintiff became the purchaser. Keniston appealed from the order of confirmation and his appeal is still pending. After that

appeal had been perfected the plaintiff applied to the district court for the appointment of a receiver of the premises in controversy. The district court denied the application, and this is an appeal by the plaintiff from the order denying it. The case has been advanced in order that the appeal, if well taken, might not be unavailing.

The grounds upon which the application was based were that the property was insufficient in value to pay the mortgage debt with accruing interest and costs, and that the defendants were permitting taxes to become delinquent and had suffered the premises to be sold for taxes. We need not inquire into the first matter. The sale determined the amount to be realized by plaintiff in its capacity of mortgagee. As such it would be entitled to the purchase price, in case of final confirmation, and no more, whatever might be the value of the property. While resisting the setting aside of the sale it could not be heard to say that such sale was bad and that therefore it should be reinstated in its position as an unsatisfied mortgagee, and that the property on a resale would be insufficient to satisfy its debt. The second ground was fully proved and would ordinarily, perhaps, be sufficient to justify the appointment of a receiver on application of the purchaser, where the order of confirmation has been superseded. But the evidence in this case was, we think, sufficient to sustain the action of the trial court in refusing to interfere with defendant's possession. The premises are occupied as a homestead by Keniston and his family, and while we do not determine that this fact would alone in all cases be sufficient to prevent the appointment of a receiver, still it will readily be conceded that it is in all cases a circumstance proper for the consideration of the court in determining whether one should be appointed. To interfere thus summarily with the possession of real property, before the final determination of a cause, is always a somewhat severe, though sometimes a necessary, exer-

cise of judicial power. Certainly the court should be more reluctant to so interfere where a homestead and a home are thereby destroyed, than where its action involves only the disturbance of purely selfish business interests, capable of monetary admeasurement. Such a rule is dictated at once by considerations of humanity, public policy, and well-defined equitable principles. In addition to this there was testimony, contradicted it is true, but sufficient to sustain a finding to that effect, that the property in controversy was situated in a locality where there was very little demand for property of such character, that it was doubtful if it could be rented, and that if rented at all it would not bring more than $25 per month, and at that rate it would be necessary for the lessor to pay the water rents and keep the building in repair; that the hazards of such an administration of the property would cause a depreciation thereof greater than the probable income from rents which might be received, and that Keniston had kept the premises in perfect repair and had exercised great care in the preservation thereof. An application for a receiver is addressed to the sound discretion of the trial court, and while by the statutes and by force of adjudicated cases the exercise of that discretion is to a certain extent governed by general rules, still in each case the particular circumstances must be regarded, and if, considering all the circumstances, "the case be such that a greater injury would ensue from the appointment of a receiver than from leaving the property in the hands now holding it, or if any other considerations of propriety or conveniency render the appointment of a receiver improper or inexpedient, none will be appointed." (*Vose v. Reed,* 1 Woods [U. S. C. C.] 650.) In the light of the foregoing rules and of that aspect of the evidence most favorable to the defendant, which we must here accept in view of the finding below, the district court did not err in refusing plaintiff's application.

AFFIRMED.