C. D. SMILEY ET AL., APPELLEES, V. SIOUX BEET SYRUP
    COMPANY ET AL., APPELLEES, ABEL ANDERSON, TRUSTEE,
    INTERVENER, APPELLANT.*

FILED APRIL 7, 1904.   No. 13,564.

Corporation: RECEIVER: PARTIES: LIENS: PRIORITIES. A corpora-
    tion issued bonds in the sum of $35,000, to secure which it ex-
    ecuted a mortgage in the name of a trustee. Bonds to the extent
    of $17,000 were disposed of, the proceeds being applied to the
    satisfaction of the corporation's indebtedness. Subsequently, a
    stockholder on behalf of himself and all the other stockholders
    made application to the court for the appointment of a receiver,
    no notice of such application being served upon either the trus-
    tee or any of the bondholders, who were not made parties to the
    proceedings. *Held*, That the receiver's certificates issued for ex-
    penses incident to the receivership were not a lien superior to
    that of the mortgage.

APPEAL from the district court for Dakota county: GUY
T. GRAVES, JUDGE. *Reversed.*

*A. L. Beardsley*, for appellant.

*Shull & Farnsworth* and *R. E. Evans, contra.*

KIRKPATRICK, C.

This cause is brought to this court upon appeal from a
judgment of the district court for Dakota county. In
order to obtain a correct understanding of the questions
presented, it will be necessary to state briefly the history
of the proceedings leading up to the judgment presented
for review. Prior to December 23, 1903, the Sioux Beet
Syrup Company was a duly incorporated company, hav-
ing its place of business in Dakota county. On that date,
one C. D. Smiley, a stockholder of the corporation, on
behalf of himself and all the other stockholders, filed a
petition in the district court, asking the appointment of
Andrew J. Cramper as receiver of the corporation. A
waiver of notice of the application and a certified copy of

* Rehearing allowed.  See opinion, p. 586, *post.*

the minutes of the stockholders' meeting held December 22, 1902, showing a request that a receiver be appointed, and that Andrew J. Cramper be named as such receiver, were filed by the corporation. Acting on this application and the consent of the corporation, a receiver was appointed on the 24th day of December, 1902. The receiver gave bond and took charge of the corporation. On December 4, 1902, about 20 days before the receiver was appointed, the corporation executed a mortgage upon all of its property to secure its bonds which were to be issued in the sum of $35,000. In the mortgage given to secure these bonds, Abel Anderson, appellant herein, was named as trustee. Of the $35,000 in bonds provided for, about $17,000 were issued and disposed of, and the proceeds realized therefrom applied upon the indebtedness of the corporation. None of the bondholders were made parties to the proceedings for the appointment of a receiver. On January 3, 1903, Smiley, plaintiff in the receivership proceedings, served notice on Anderson, trustee for the bondholders and appellant herein, that on January 12, 1903, he would apply to the district judge, at Pender, in Dakota county, for an order permitting the receiver to issue receiver's certificates, which should be a lien superior to the mortgage. Anderson, trustee, appeared specially and challeneged the jurisdiction of the court, and objected to the issuance of the receiver's certificates upon various grounds. On January 12, the day set for the hearing, these objections were overruled, and the receiver was authorized to issue certificates in the sum of $2,500 which should be a lien upon the property of the corporation, superior to the mortgage. No further steps seem ever to have been taken under the receivership as it then existed, but on February 17, 1903, Smiley, the plaintiff, served a second notice on the corporation that, on February 23, he would apply for the appointment of a receiver. He thereupon filed a motion based on the petition filed in the first instance, asking that a receiver be appointed, and on the day fixed for the hearing Andrew J. Cramper was appointed receiver. Neither

the trustee nor any other person representing the mortgage were made parties to this last proceeding, nor was any notice served upon the trustee or the bondholders. On July 1, 1903, the receiver filed his final report, showing his transactions, the sale and disposition of a large amount of the property of the corporation, and the incurring of a large amount of indebtedness for the protection of the corporation property, attorneys' fees, court costs, etc.; and showing that he had issued receiver's certificates in the sum of $2,307.31, which he asked to have made liens upon the property superior to the mortgage. Thereupon, appellant Anderson, by leave of court, filed a petition of intervention, setting up the mortgage; the amount of bonds which had been sold; that he had had no notice of the application for a receiver; that the petition upon which the receiver was appointed failed to state a cause of action, and that the receivership proceedings were void and of no effect as affecting the lien of the mortgage, for want of notice. No answer was filed to this petition of intervention. On the next day, July 2, a trial was had on the issues presented by the petition of intervention, resulting in a judgment approving the final report of the receiver, ordering his discharge, and adjudging that the receiver's certificates, amounting to $2,307.31, were valid liens upon the property of the corporation superior to the lien of the mortgage; and the correctness of this judgment of the trial court is presented for determination by this proceeding.

It is contended on the part of appellant: First, that the petition for the appointment of a receiver did not state facts authorizing the court to make such appointment and, therefore, the appointment was void; second, that the holders of the bonds of the corporation were not made parties to the proceedings, and had no notice of the application for the appointment of a receiver, and, therefore, their interests could not be affected by such proceedings; third, that in no event could the rights of the bondholders be made subject to the receiver's certificates, even though the receiver had been regularly and lawfully appointed. These

questions, so far as necessary, will be considered in the order stated.

Touching the first contention, the petition shows that plaintiff is a stockholder; that the manufacturing plant belonging to the corporation is worth $65,000; that there is on hand belonging to the corporation something like $10,000 worth of merchandise; that a mortgage for $35,000 had been executed, and $17,000 worth of the bonds had been disposed of; that the proceeds of the bonds sold had been applied to the satisfaction of the debts of the corporation; that the corporation was indebted to some further amount, the exact amount not being disclosed; that the plant was insured for $45,000, and that to keep the insurance valid, the plant must be either operated or cared for; that the corporation had under contract a large amount of beets, and a large amount of syrup on hand that would perish unless taken care of; that some of the officers had abandoned the corporation, and the stockholders did not seem to be able to get any one to conduct the business, and at the meeting of the stockholders it was determined to be for the best interest of the corporation to apply for a receiver. It clearly appeared that the corporation was not insolvent, and that there was no disagreement of any kind among the stockholders. About all that did appear from the face of the petition was an apparent want of capacity on the part of the stockholders and officers to manage the business of the corporation. This does not present such a condition of affairs as would authorize a court of equity to appoint a receiver. There were no adversary proceedings pending. The stockholders, at their meeting, seem to have unanimously agreed that it would be a good thing to appoint a receiver, and they selected appellee Smiley as a proper person to make the application. The courts of the state are not constituted and maintained at public expense for the purpose of conducting the business of private corporations, and mere incapacity of stockholders or officers of a corporation to manage its business in a successful manner is not enough to authorize the courts to take charge of such business.

In the case of *Jones v. Bank,* 10 Colo. 464, 17 Pac. 272, it was said: "To hold that courts of equity can entertain jurisdiction to appoint a receiver of property as the substantive ground and ultimate object and purpose of the suit, on the petition of the owner of the property to be controlled and protected, would be to make them the administrators of every estate where the owners thereof were incapable or unwilling to administer them themselves."

It is very clear, therefore, that the petition failed to state facts sufficient to entitle plaintiff to the appointment of a receiver. But that question is not presented for review in this case, and appellant was not a party to such proceedings. Whether the action of the court in the appointment of a receiver was absolutely void and subject to collateral attack, such as that made in this case, is altogether another question, and one which we think is not necessary to a correct determination of the question presented by the record.

The second contention is that the bondholders were not made parties to the proceedings for the appointment of a receiver, and that, for this reason, their rights can not be prejudiced by anything the receiver did. This proposition seems to be sustained upon authority. Section 273 of the code provides: "Every receiver shall be considered the receiver of any party to the suit, and no others." The bondholders represented by appellant in this case were not parties to this suit, and, clearly, under the statute quoted, the receiver appointed by the court was not their receiver. If he was not the receiver for the bondholders, it is difficult to see how their rights can be affected by what he did. They were in no way responsible for his appointment. They could not procure orders from the court directing the manner in which he should perform his duties, and it is clear their mortgage lien can not be made subject to his expenditures, not made at their instance and not incurred in any case in which they were parties. No notice was served upon them as required by the provisions of section 274 of the code, and we are of opinion that the order ap-

pointing the receiver and all proceedings had thereafter are void, as affecting the rights of appellant and the bondholders whom he represents.

Having reached a conclusion which disposes of the case, the question presented by the third contention of appellant need not be considered. It is therefore recommended that the judgment of the district court, allowing the report of the receiver and making his certificates a lien upon the property of the corporation superior to that of appellant as trustee of the bondholders, be reversed and set aside, and the cause remanded for further proceedings according to law.

DUFFIE and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court, allowing the report of the receiver and making his certificates liens superior to the mortgage, is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED.

The following opinion on rehearing was filed November 2, 1904. *Judgment of reversal adhered to:*

1. **Petition:** SUFFICIENCY. The question of whether a petition states a cause of action may be raised at any stage of the proceedings, up to the submission of the cause in this court upon appeal.

2. **Receiver:** APPOINTMENT. The appointment of a receiver in an equitable action is ordinarily an ancillary remedy, provisional in character, and incidental to the main object or purpose of the suit. *Vila v. Grand Island Electric Light, Ice & Cold Storage Co.*, 68 Neb. 233, followed.

3. **Petition Insufficient.** Petition in case at bar examined, and *held* not to state facts sufficient to authorize the court to appoint a receiver to care for, preserve and manage the property of the defendant corporation.

LETTON, C.

The facts in this case are set forth in the former opinion by Mr. Commissioner KIRKPATRICK, *ante*, p. 581. The

principal point argued upon the rehearing was that the original petition in this action, asking for the appointment of a receiver, stated facts sufficient to justify the court in the appointment of the receiver.  The substance of the petition is set forth in the former opinion, but, in the re-examination of this question, we believe it proper to set forth more fully the substance of the petition, with the view of ascertaining whether it sets forth sufficient facts to justify the appointment of the receiver.  It is alleged that the defendant is a corporation, doing business in South Sioux City, Nebraska; that the plaintiffs, with many others, subscribed for stock in said corporation to the amount of $14,000; that Henry Haubens, William Peterson and Frank Burness became stockholders in said corporation and were instrumental in its organization, and did undertake to and did construct a building and machinery for said company that cost about $65,000; that the plant was placed in operation in the early fall of 1902 and operated until about the 14th day of December, 1902, when the same was closed; that it has on hand merchandise to the value of $3,000 or $4,000, and several thousand dollars' worth of beets, and, unless the beets are manufactured into syrup within the next 90 days, the same will be lost; that it has been demonstrated that the enterprise is a successful one and, if properly managed, the property is of great value, but, unless properly managed, all of the money expended by the plaintiffs will be lost and the property of the company be of no value.

Second.  That the management of the company has been under the charge of Henry Haubens and William Peterson; that neither the plaintiff nor any of the stockholders have been able to obtain any correct statement of the affairs of the company from said managers; that, in December, 1902, a stockholders' meeting was held, and the officers of defendant were authorized to issue bonds to the amount of $35,000, for the purpose of paying off existing indebtedness and furnishing the company with sufficient capital to place its product upon the market; and it was

agreed by the stockholders and officers that, of the proceeds of the bonds, $12,000 were to be applied to the payment of the mortgage of $15,000 on the property, held by Abel Anderson or the Northwestern National Bank of Sioux City, Iowa; that open accounts to the amount of $8,000 were to be paid from the proceeds, and the balance was to be placed in the treasury for operating expenses; that the bonds and mortgage were executed and placed in the hands of Abel Anderson, who was made trustee in the trust deed, and who was also the treasurer of the defendant company; that one Bradshaw paid $5,000 to Abel Anderson and received 5 of the bonds; that, by agreement with Anderson, the $5,000 were to remain to the credit of the company for the purpose of paying laborers and other pressing demands; that, in violation of the agreement, Anderson applied the same to the satisfaction of balances due Anderson or the Northwestern National Bank of which he is president, and did thereby deprive the company of all its funds and ability to continue its business, and did so embarrass the company that it has been unable to make further sale of its bonds or, in any other way, raise sufficient funds to continue its business; and that, by reason thereof, the company and these plaintiffs, as stockholders, are threatened with the loss of all their merchandise, property and money, and that the machinery in said plant is threatened with destruction by freezing of pipes; and that the insurance requires the operation of the plant, to the extent of keeping fires in cold weather so the pipes may be filled with water at all times, and that, unless the company can purchase coal and keep the fires going, the insurance will be canceled.

Third.   That, about the 17th day of December, 1902, Henry Haubens, as president of the defendant company, resigned, and that William Peterson, who has been in active management for defendant company, has abandoned said company and is giving the same no attention. That a large number of creditors are threatening to commence attachment proceedings and other litigation and, by rea-

son thereof, all the property of the company is threatened with destruction and loss, and, unless a receiver is appointed to take charge of said company, these plaintiffs and other stockholders will lose the said property.

Fourth. At a meeting held on December 22, 1902, by the stockholders, it was resolved that a receiver of defendant company should be applied for.

Prayer. Petitioners pray that Andrew J. Cramper be appointed receiver of defendant company and its property with authority, under direction of the court, to take charge of all said property; operate said plant, if deemed advisable and found possible so to do; to employ expert accountants for the purpose of ascertaining the financial condition of said company; to employ counsel to do each and every act necessary in the proper management and preservation of said defendant company's property and its affairs; and to have all the powers and authority usually vested in a receiver, and for such other and further relief as may be deemed equitable in the premises.

It was urged upon the argument that, where the directors of a corporation have been guilty of fraud and mismanagement, a court of equity had the power, at the instance of a stockholder, to appoint a receiver for the affairs of the corporation but this argument was entirely foreign to the case made by the petition. The petition charges no fraud or mismanagement on the part of any directors of the corporation. It states that the president has resigned; that the manager has abandoned the plant; and that the treasurer paid certain debts of the corporation to a banking institution of which he was president with part of the company's assets; but it nowhere charges or asserts that the governing body of the corporation is not in possession of the property nor able to carry on its business. It is true it alleges the corporation is short of funds, and perhaps the true reason why the plaintiff desired the appointment of a receiver is to be found in the allegation that a large number of creditors are threatening to commence attachment proceedings and other litigation, etc.; but this

is no ground for the appointment of a receiver. If the attorney for the plaintiff had been as prolific of charges of fraud and mismanagement by the officers of the company in his petition as he has been in his briefs, he would be in a better position to claim the relief he asks.

A court of equity has no power to appoint a receiver for a solvent concern, for the purpose of preventing its creditors from maintaining actions against it for the recovery of their debts; and, under the facts alleged as to assets, the value of the property largely exceeded the debts. Further than this, the petition seeks no relief beyond the mere appointment of a receiver to care for, manage and control the property and business of the company. Proceedings for the appointment of a receiver in a court of equity are usually ancillary in nature, and the appointment is only granted as an incident to the relief sought in the petition. It is analogous to an attachment proceeding in an action at law, in so far as being dependent upon the main action. In a recent case in this court, *Vila v. Grand Island Electric Light, Ice & Cold Storage Co.*, 68 Neb. 233, this question has been fully discussed by HOLCOMB, J., and the principles fully and clearly stated. But in the petition it is not alleged that the directors of the corporation are not entirely able and willing to carry on its business, nor that any dissension or trouble exists among them. The relief sought amounts, practically, to a removal by the court of the officers of the corporation and the installation by the court itself of its officer, the receiver, as the manager of the corporate affairs. We know of no such power residing in the court under the facts recited in the petition.

A receiver was appointed under this petition and, on the 3d of January, 1903, Abel Anderson, trustee, was served with a notice that the receiver would apply to the district court for orders authorizing him to issue receiver's certificates, as first liens upon the property of the defendant company, for the necessary expenses of preserving the property and placing its product upon the market. Pursuant to this notice, Anderson appeared specially and ob-

jected to the granting of any order making any charges of
the receivership a lien prior to the mortgage, among other
matters alleging that the petition did not state facts suffi-
cient to empower the court to appoint a receiver, and
therefore the receivership is void.   The cause was heard
on the 12th of January, at chambers, and the objections
overruled.   On February 17 another summons was issued
in the case and served upon Fred Miller, the president of
the defendant company, together with a notice of appli-
cation for the appointment of a receiver, but no new peti-
tion appears to have been filed.   Following the service of
these papers, on the 23d day of February, another order
was made in the district court appointing Cramper re-
ceiver.   If Cramper was already receiver, the object of this
second order is not obvious.   On the first day of July,
1903, a report of the receiver was filed, with exhibits show-
ing the receipts and disbursements from December 24 to
June 1; a list of receiver's certificates issued and ac-
counts for services rendered by attorneys to the receiver;
and, on the same day, there was filed by Abel Anderson,
trustee, intervener, what he terms an intervention by leave
of court, in which he alleges the execution of the mortgage,
its recording, that $18,500 of the debt are due and un-
paid, that he was not a party to the application for a
receiver, and had no notice of the same; that the petition
for such appointment does not state facts which entitle
the plaintiff to the relief demanded; and asks that the re-
ceivership and the costs thereof be decreed to be junior
and inferior to the plaintiff's rights.   A hearing was had
upon the intervention and objections, the objections were
overruled, the report of the receiver confirmed and al-
lowed, and the amount evidenced by the receiver's certifi-
cates decreed to be first liens upon the property of the
corporation superior to the lien of the bonds and mortgage.

It is contended that Anderson appeared at the time that
the order allowing the receiver **to** issue certificates was
made; that he did not appeal from the same and, there-
fore, the order allowing them to be issued was final as to

him. It will be observed, however, that the order then made allowing the receiver to issue certificates was merely interlocutory in its nature, and was not a final order in the cause from which appeal or error might be taken.

It is further argued that the order appointing the receiver is not subject to collateral attack, but the attack made by Anderson in his intervention is not a collateral attack. He had an interest in the subject matter, and came into court as a party to the action when he intervened and filed his objections seeking to challenge the jurisdiction of the court. The rule is settled in this state that the question of the sufficiency of a petition and whether it states a cause of action may be raised at any step of the proceedings, hence, Anderson was not too late, the trial court was entitled to consider and pass upon the question of jurisdiction, and this court, also, is entitled to pass upon the same question upon appeal. The petition being clearly insufficient, the appointment of the receiver by the lower court was erroneous and, as against the intervener and the bondholders whom he represents, the charges of the receivership do not constitute prior liens upon the property of the defendant corporation.

For these reasons, the judgment heretofore rendered, reversing the action of the district court, should be adhered to.

AMES, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of reversal entered in this court is adhered to

REVERSED.