STATE, EX REL. SILAS R. BARTON, RELATOR, APPELLEE, V. FARMERS & MERCHANTS INSURANCE COMPANY, RESPONDENT, APPELLANT.

FILED JANUARY 24, 1912. No. 17,183.

1. **Receivers:** APPOINTMENT: EQUITY JURISDICTION. The power to appoint a receiver by a court of equity in a proper case is one which exists in such courts independent of any statute.

2. **Insurance:** INSOLVENT COMPANY: DISSOLUTION: APPOINTMENT OF RECEIVER. In an action brought by the attorney general on the information of the auditor of public accounts, under the provisions of section 28, ch. 43, Comp. St. 1911, the court may, after a decree for the dissolution of an insolvent insurance corporation

and the winding up of its affairs, under the provisions of section 266 of the code, appoint a receiver to close up its business.

3. ———: ———: ———: ———. The power to bring such an action by the attorney general and the power of the court to decree a dissolution and distribution of its effects in an action so brought must be conferred by statute, and, in the absence thereof, such a proceeding is not within the jurisdiction of the court. But, after such decree has been rendered, if under the circumstances of the case the court in the exercise of its discretion believes that the object and purpose of the action would be better subserved by the appointment of a receiver to wind up the affairs than by permitting the business to be closed by the managers or directors of the insolvent corporation as trustees, under sections 62-66, ch. 16, Comp. St. 1911, it is within its power to appoint a receiver.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*A. L. Chase,* for appellant.

*Grant G. Martin, Attorney General,* and *Field, Ricketts & Ricketts, contra.*

LETTON, J.

The attorney general for the auditor of public accounts filed a petition in the district court under the provisions of section 28, ch. 43, Comp. St. 1911, setting forth facts tending to show that the defendant, which is a fire insurance company, is insolvent, and unable to meet its obligations or to continue in a solvent manner to transact the business for which it was organized. The prayer was that "upon a hearing of this petition said company be dissolved and a receiver appointed to wind up its affairs and to make distribution of its assets as provided by law, under the direction of this court; and for such other and further relief as the court may deem just and equitable." A rule to show cause on the 23d day of January was duly served upon the defendant, and on that day the parties appeared and stipulated that all informalities and irregularities in the service and notice were waived, a general

appearance was entered by the defendant, and it was agreed that the case might be continued, and that the day to which it was continued "would be the day upon which the order dissolving said company might be made and a receiver appointed." The case was continued from time to time by consent until the 30th day of January, when, as the record recites, "the parties aforesaid were in court, and the defendant represented by its attorney and its vice-president suggested the appointment of a particular person for receiver; that the defendant has been unable and has refused to show any cause why said defendant company should not be dissolved and a receiver appointed; the court finds upon the evidence that the facts stated in plaintiff's petition, as alleged are all true, that the defendant is insolvent," and further found that the assets are insufficient to justify continuance of the company in business, that the company was unable to meet its obligations, and adjudged that the corporation "is insolvent and that a receiver should be appointed." Charles T. Knapp was thereupon appointed receiver, and directed to take possession of all the property of the company, to proceed to wind up its affairs, and to make distribution of its effects.

On February 2 a motion for a new trial was filed by respondent, and also a motion by the relator for a *nunc pro tunc* judgment ordering the dissolution of the corporation. The motion for a new trial was overruled, the motion for a decree *nunc pro tunc* sustained, and a decree entered, as of date January 30, dissolving the corporation.

A number of errors were assigned in the motion for a new trial and are presented on appeal, but the argument is practically confined to the question whether the district court had power to appoint a receiver in a case where the action is brought by the attorney general, under section 28, ch. 43, Comp. St. 1911, acting for the auditor of public accounts, for the purpose of dissolving the corporation and distributing its effects. The respond-

ent's position is that the district court has no jurisdiction to appoint a receiver in such a case because there is no statute authorizing the appointment of a receiver of an insolvent insurance corporation in such a proceeding Under the provisions of section 28, ch. 43, Comp. St. 1911, the auditor of public accounts, if it shall appear to him from an examination that the assets of an insurance corporation are reduced or impaired more than 20 per cent. below the paid-up capital stock, "may direct the officers thereof to require the stockholders to pay in the amount of such deficiency within such a period as he may designate in such requisition; or he shall communicate the fact to the attorney of state, whose duty it shall then become to apply to the district court, or, if in vacation, to one of the judges thereof, for an order requiring said company to show cause why their business should not be closed," and, after a hearing, if it appear that the assets are insufficient or that the interest of the public require it, the court "shall decree a dissolution of the company and a distribution of its effects." Respondent argues that, no express authority having been granted by the statute under which the right to bring the action is conferred, no power exists in the court to do more than the statute allows, viz., to decree that the corporation shall be dissolved and its effects distributed; and that other provisions of the statute govern the distribution by its former officers; that under such provisions the control of the property is not arbitrarily taken away from its directors, who are presumably best fitted to administer the affairs of the corporation, and that it is in the interest of stockholders and creditors that its affairs be wound up in as economical a manner as possible and without the necessary expenses and sacrifices incident to a forced disposition by the hands of an officer of the court.

On the other hand, it is contended by the attorney general that the district court of this state, being a court of chancery as well as of common law jurisdiction, has inherent power to appoint a receiver. It is also argued

that, while the special proceeding provided for by the statute has some of the characteristics of an action in *quo warranto*, it is not really such an action; that the attorney general by virtue of the statute represents not only the public at large, but the creditors and stockholders of the corporation which he seeks to dissolve; that by the provisions of section 266 of the code a receiver may be appointed in the following cases: "(3) After judgment or decree to carry the same into execution, or to dispose of the property according to the decree or judgment, or to preserve it during the pendency of an appeal. (4) In all cases provided for by special statutes. (5) In all other cases where receivers have heretofore been appointed by the usages of courts of equity"—that under the third and fifth subdivisions of this section there is ample statutory authority for the appointment of a receiver.

There is much force in the respondent's contention that unless there is a statute permitting the law officer of the state to apply for the dissolution of a corporation on the ground of its insolvency, and for the distribution of its effects and the appointment of a receiver, a court of equity has no such powers.

An examination of the reports of other states shows that, in nearly every instance where the statute provides that an officer of the state may apply to the courts to dissolve a corporation, the right to appoint a receiver is directly conferred in the same statute. Basing in large part their decisions upon this fact, some courts have held that, unless the statute conferring the power upon the court to entertain such an action expressly provides that a receiver may be appointed to distribute the assets of the dissolved corporation, the power to appoint does not exist. Perhaps the most exhaustive discussion of this question is to be found in the cases of *Havemeyer v. Superior Court*, 84 Cal. 327; *Harrison v. Hebbard*, 101 Cal. 152; *State Investment & Ins. Co. v. Superior Court*, 101 Cal. 135. Other cases are collected in notes to sections 288, 289, High, Receivers (4th ed).

To determine this question, we think it wise to examine the course of legislation in this state in relation to insolvent corporations of this nature, and, also, the proceedings in our courts in connection with the provisions of the civil code, in order to ascertain what seems to be its declared policy in this regard.

The laws of this state governing the various classes of insurance companies have been passed at different times, and to some extent consist of amendments to former statutes. Some of them appear to be very loosely drawn, but all of them recognize the necessity of supervision by an officer of the state, and authorize the closing of the business and winding up of their affairs when it is against the public interest that the corporation should be allowed to continue. The statute under which this proceeding was brought has been in force since 1873. Following the enactment of this statute, which is general in its terms, a number of acts of the legislature providing for the incorporation and management of insurance corporations devoted to certain special lines of that business have been passed. Some of these laws are exceedingly minute and specific in their provisions with reference to the powers of the court upon an application by the attorney general at the request of the auditor of this nature, while others are general in their terms, apparently implying that, the power to close up the affairs being given to the court, the necessary powers to appoint instruments to do so were already possessed. Section 6562, Ann. St. 1911, relating to City Mutual Insurance Companies, provides: "If upon such examination it shall appear to the auditor that the condition of such company does not justify its continuance in business he may apply to the district court  *  *  *  for an order requiring the company to show cause why it should not be closed." Section 6586, relating to Mutual Hog Insurance, uses identically the same language as in the last section quoted. Section 6634, relating to Mutual Plate Glass Insurance Companies, uses the same language. Section 6691, relating to

Accident Insurance Companies, provides that after an examination if it be found by the auditor that the assets are insufficient he shall require the stockholders to make good the deficiency, and in default thereof "may proceed to wind up the affairs of said company in the manner provided by law." Section 6674, relating to Accident, Sickness and Funeral Insurance Companies, provides that upon a like application, "if it is found to be for the best interests of said certificate or policy holder that the affairs of said corporation, society or association be wound up, said court or judge shall so direct, and for that purpose may appoint a receiver." This section also provides: "No action or proceeding shall be instituted with a view to the appointment of a receiver or closing up the business of any such corporation, association or society by any other person, or in any other manner except as herein provided." Section 6480, relating to Mutual Benefit Associations and Life Insurance Companies, after like provisions as to examination, provides: "If it is found to the best interest of said holders of certificates that the affairs of said corporation be wound up, said court or judge shall so direct and for that purpose may appoint a receiver." In some of these statutes the appointment of a receiver is expressly mentioned, in others the right to appoint can only be implied, but the nature and purpose of the relief afforded in each is that the corporation be dissolved and its affairs wound up by the court.

The precise language of the section in question in this case is that the "court or judge shall decree a dissolution of said company, and a distribution of its effects." Comp. St. 1911, ch. 43, sec. 28. It is our opinion that, until the judgment of dissolution and the decree of distribution is entered, the court acts under the special powers conferred upon it by the statute, and, unless it had been so enacted, jurisdiction to act on the application of the attorney general would not exist; but we are also of the opinion that, having dissolved the corporation and being charged with the winding up of its affairs, the court may properly,

under the usages of courts of equity, call to its aid a receiver as an officer of the court for the purpose of carrying out the provisions of its decree. This is a power which exists in courts of equity independently of any statute (Alderson, Receivers, sec. 12; 5 Thompson, Corporations (2d ed.) sec. 6330), and is one which is often exercised in actions brought under the general equity powers of the court by a stockholder or creditor to dissolve the corporation. This is the view of the supreme court of the United States. The Sherman Anti-Trust Act (26 U. S. St. at Large, ch. 647, p. 209) does not by its terms provide for the appointment of a receiver in cases brought to dissolve unlawful combinations, or corporations formed for unlawful purposes, but in *United States v. American Tobacco Co.*, 221 U. S. 106, 186, the court say: "We might at once resort to one or the other of two general remedies —(a) the allowance of an injunction  *  *  *  or, (b) to direct the appointment of a receiver to take charge of the assets and property in this country of the combination," etc. A receiver was not appointed in the case because the court thought the desired result might better be accomplished by further decree, but the excerpt from the opinion indicates the mind of the court as to the power.

The supreme court of California has taken a different view, saying: "The jurisdiction of the superior court to decree a dissolution of any corporation exists only by virtue of statutory authority. It does not possess this authority by virtue of its inherent general jurisdiction in equity  *  *  *  And, as its jurisdiction is derived from the statute, it is limited by the provisions of the statute, both as to the conditions under which it may be invoked and the extent of the judgment which it may make in the exercise of this jurisdiction." *State Investment & Ins. Co. v. Superior Court,* 101 Cal. 135, 146. So far we agree, but we cannot agree that, after a decree of dissolution has been made and the court is winding up the affairs of the corporation, it may not, if in its discretion it appears necessary, call a receiver to its assistance, not as a part

of the judgment, but as ancillary thereto and in aid thereof. *Supreme Sitting of Order of Iron Hall v. Baker*, 134 Ind. 293, 20 L. R. A. 210. A number of the cases cited by the California court merely decide that a temporary receiver cannot be appointed in such cases *pendente lite*, and are not authority on the real question before it. We think this is the view upon which our district courts have acted for years. *Wyman v. Williams*, 52 Neb. 833. The point was not involved, but the report shows what the practice has been in this state. Under sections 62-66, ch. 16, Comp. St. 1911, upon dissolution the property may be left in the hands of the officers as trustees subject to the control of the court, unless, as therein provided, "other persons be appointed * * * by some court of competent authority."

In construing a similar provision as to appointment of a receiver by competent authority, the supreme court of Alabama said: "The manifest general purpose of the legislature was to commit the affairs and properties of a corporation so dissolved to the persons who were its managers at the time of the dissolution; but the lawmakers recognized that there might be special circumstances or peculiar exigencies in a given case which would breed a necessity to take the corporate affairs and property out of the hands of such managers, and, to exclude any idea that the statutory designation of trustees should have the effect of ousting the ordinary jurisdiction of courts of chancery to appoint receivers upon such circumstances or exigencies being made to appear, they expressly saved this jurisdiction, though doubtless such reservation was in fact unnecessary. But, whether necessary to that end or not, the provision in the statute having relation to the appointment of receivers by courts of competent jurisdiction was in pure conservation of an existing jurisdiction, and in no sense creative of a new power and jurisdiction. It does not undertake to confer authority upon any court which it had not before, but it refers to courts already invested with 'competent authority.' The rule declared by the statute is that the managers of the corporation at the

time of its dissolution shall administer its affairs after its death, and the exception to this rule is the intervention of a receiver appointed by a court of competent authority." *Weatherly v. Capital City Water Co.*, 115 Ala. 156, 171.

The appointment is discretionary, and, unless an abuse of discretion has been shown, a reviewing court will not interfere. We may incidentally remark that this court has uniformly discountenanced the practice of taking property from its owners by the hands of a receiver against their consent except upon the clearest grounds. *Miller v. Kitchen*, 73 Neb. 711; *Ponca Mill Co. v. Mikesell*, 55 Neb. 98; *Smiley v. Sioux Beet Syrup Co.*, 71 Neb. 586; *Vila v. Grand Island E. L., I. & C. S. Co.*, 68 Neb. 222. It would seem that the respondent was of the opinion that the district court had power to appoint a receiver, for the record recites that it suggested a person to act in that capacity, who was denied appointment. The record also recites that it was agreed that the day to which the case is continued "would be the day upon which the order dissolving said company might be made and a receiver appointed." It was not until this day to which the agreement referred that respondent asked leave to file a showing next day why a receiver should not be appointed. Obviously no reason being apparent for this delay, the court did not err in refusing further time.

Objection is made here that Mr. Knapp is a relative of the judge who made the appointment. No objection was made to his appointment at the time for that reason, and no showing has been made that he is incompetent or untrustworthy, or even to prove the allegation that he is a relative of the judge, except a mere affidavit that the affiant is informed and believes that the receiver is a relative. This is insufficient, and under these circumstances we cannot consider these objections.

For these reasons, the judgment of the district court must be

AFFIRMED.

FAWCETT, J., dissenting.

Upon the question of the power of the district court to appoint a receiver in a case like this, I think the law is correctly stated in the California cases cited in the majority opinion. The fact that the legislature, in the several instances set out in the opinion, added to the provisions cited express authorization for the appointment of a receiver strengthens, rather than weakens, the contention that it did not intend to grant such authority in the statute under consideration. The legislature said that in a case like this the "court or judge shall decree a dissolution of said company and a distribution of its effects." There the legislature saw fit to stop, and there the court should stop. Where, upon examination of an insurance company, the auditor finds that its capital is impaired more than 20 per cent., the district court, in a proceeding instituted by the attorney general, may say to the company that the state will no longer sanction its continuing business as a going concern, and that it must immediately cease doing business as an insurance company and distribute its effects among those entitled thereto. Having done that, the law department of the state has performed its full duty, and the court has gone as far as authorized to go by the statute. It then becomes the duty of the directors of the insurance company to close the doors to general business and to immediately proceed to collect and distribute the assets of the company as ordered by the court. This in my judgment is a wise provision. A receiver is the most expensive luxury known to the law. The directors of the company, if they are honest, and they must be presumed to be so until the contrary is shown, can collect and distribute the assets of the company with far less expense than can be or ever is done by a receiver. Many corporations, the affairs of which have been administered by honest officials, have proved unsuccessful as business enterprises. Even if this lack of success be attributable to a want of capacity by the officers and direc-

tors of such corporation to successfully conduct a busi-
ness undertaking, it by no means follows that they are
not competent, when the further prosecution of the busi-
ness is stopped, to collect and distribute the assets; and
the court should not deprive them of that right by the
appointment of a receiver, thereby unquestionably reduc-
ing the amounts of the dividends to the distributees, un-
less clearly and explicitly authorized to do so by express
statute.  If in the collection and distribution of the assets
it appears that the directors are either incompetent,
negligent, or dishonest, any one interested in the assets
may apply for the appointment of a receiver.  In such a
case the court would have jurisdiction under the general
statutes cited.

Since writing the foregoing, there has been added to
the majority opinion a quotation from the opinion in
*Weatherly v. Capital City Water Co.,* 115 Ala. 156.  An
examination of that opinion shows that, if it is to be fol-
lowed as an authority by us, the judgment in this case
must be reversed.  The two sections of the syllabus appli-
cable to the point under consideration read:

"(2) Under the provisions of the statute (Code of
1886, sec. 1691), after the dissolution of a corporation by
its charter being adjudged forfeited, a receiver is not ap-
pointed as a matter of course; but the business and
properties of the corporation so dissolved are committed
to the persons who were its managers at the time of its
dissolution, and they become entitled to the right, and are
charged with the duties, of administering and settling its
affairs.

"(3) The provisions of the statute (Code of 1886, sec.
1691), committing the estate of a corporation dissolved
by forfeiture of its charter to those who were its man-
agers at the time of its dissolution as trustees for its
creditors and stockholders, do not oust the ordinary
jurisdiction of courts of chancery to appoint receivers
under the circumstances and exigencies which demand
such appointment; but, in order to justify the appoint-

ment of a receiver of a corporation so dissolved, there must appear such facts as, under the general principles of equity jurisprudence, call the power into exercise; such as incompetency or unfaithfulness or mismanagement on the part of trustees or the absence of authority on their part to subserve some peculiar interest of the party complaining, by reason of which he is injured."

None of the reasons there assigned as being sufficient to justify the exercise by the court of its general chancery powers is alleged in the case at bar. Such being the fact, then, under the law as announced by the Alabama court, the managers of this company, at the time its dissolution was ordered by the court, became "entitled to the right" of administering and settling the affairs of the the company, and, nothing having been alleged to justify a refusal to grant them that right, the appointment of a receiver was unwarranted. The reasoning and holding of the Alabama court are in entire harmony with the views I have tried to express.

REESE, C. J., concurs in this dissent.